UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:26-CV-24374

LG ELECTRONICS INC.,
and LG ELECTRONICS ALABAMA, INC.,
an Alabama corporation,

     Plaintiffs,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

     Defendants.

_____/

## COMPLAINT

Plaintiffs, LG Electronics, Inc. ("LGEKR") and LG Electronics Alabama, Inc. ("LGEAI") (collectively, "LG"), by and through undersigned counsel, hereby sue Defendants, The Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto (collectively, the "Defendants"), and allege as follows:

### NATURE OF THE ACTION

1. Defendants are promoting, selling, reproducing, offering for sale, and distributing goods using counterfeits and confusingly similar imitations of Plaintiffs' trademarks within this district through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under the seller identification names set forth on Schedule "A" hereto (the "Seller IDs"). [1]

---

[1] Plaintiffs will be moving to file Schedule "A" under seal.

2.     Like many other famous trademark owners, Plaintiffs suffer ongoing daily and sustained violations of their trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit Plaintiffs' trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with Plaintiffs' trademarks, as well as the destruction of the legitimate market sector in which they operate.

3.     In order to combat the indivisible harm caused by the combined actions of Defendants and others engaging in similar conduct, Plaintiffs have expended significant amounts of resources in connection with trademark enforcement efforts, including legal fees, investigative fees, and support mechanisms for law enforcement. The exponential growth of counterfeiting over the Internet, particularly through online marketplace platforms, has created an environment that requires individuals, such as Plaintiffs, to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and themselves from the negative effects of confusion and the erosion of the goodwill connected to Plaintiff's brand.

## JURISDICTION AND VENUE

4.     This is an action seeking damages and injunctive relief for trademark counterfeiting and infringement, false designation of origin under the Lanham Act, common law unfair competition; common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, 1121, 1125(a), and 1125(d), and The All Writs Act, 28 U.S.C. § 1651(a); 15 U.S.C. § 1051 *et seq.*

5.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 1114 and 1125(a), 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

6.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims, because the claims are so related to the trademark claims in this action, over which this Court has original jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution.

7.      Defendants are subject to personal jurisdiction in this District because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this District through at least the Internet based e-commerce stores and fully interactive commercial Internet websites accessible in Florida and operating under the Seller IDs. Upon information and belief, Defendants infringe Plaintiffs' trademarks in this District by advertising, using, selling, promoting and distributing counterfeit trademark goods through such Internet based e-commerce stores and fully interactive commercial Internet websites. Defendants are also subject to personal jurisdiction under the federal 'long-arm' statute Rule 4(k)(2) because each is domiciled outside the United States and none have otherwise consented to jurisdiction in any state.

8.      Venue is proper in this District pursuant 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens engaged in infringing activities and causing harm within this District by advertising, offering to sell, selling and/or shipping infringing products into this District.  Defendants may be found in this District, as they are subject to personal jurisdiction herein.

**THE PLAINTIFFS**

9.      Plaintiff, LGEKR, is a South Korean company having its principal place of business in Seoul, South Korea.

10.     Plaintiff, LGEAI, is a Alabama company having its principal place of business in Huntsville, Alabama. LGEAI is a wholly owned subsidiary of LGEKR.

11.     LG Corp. is the owner of the LG standard character marks and related logos identified on Schedule B hereto (collectively, the "LG Marks"), which are valid and registered on the Principal Register of the United States Patent and Trademark Office. LG Corp. has granted LGEKR with an exclusive license to distribute certain goods and services under the LG Marks.

12.     LGEKR has the right and responsibility to take action against trademark infringers, including the right to sue for violation of the LG Marks.

13.     LGEAI is responsible for sales of parts and accessories used in or with LG products sold in the United States, and is also responsible for anti-counterfeiting efforts in connection with such parts and accessories.

14.     LGEKR is a major South Korean electronics company that was founded in 1958 under the name Goldstar. It was part of the larger conglomerate that played an important role in helping modernize South Korea after the Korean War. Goldstar produced many of the country's first domestically made electronics and home appliances, including radios, televisions, refrigerators, and washing machines. These products helped improve everyday life for Korean citizens. In the 1980s and 1990s, the company expanded internationally and began selling products in markets such as the United States and Europe. In 1995, Goldstar officially changed its name to LG to create a stronger global brand. During the 2000s, the LG brand became one of the world's leading electronics manufacturers, especially known for its televisions, home appliances, and mobile phones. LGEKR was also a pioneer in flat-screen and OLED television technology. In recent years, LG Electronics has focused on advanced technologies such as smart home appliances, artificial intelligence, and automotive electronics. This includes its wholly-owned subsidiary, LG

4

Electronics U.S.A., Inc., opening a washing machine manufacturing factory in Tennessee. Today, LGEKR remains one of the world's largest and most influential electronics companies.

15.     High-quality products under LG's registered and unregistered trademarks are designed, manufactured, marketed, and distributed in interstate commerce, including within this judicial district.

## THE DEFENDANTS

16.     Defendants are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, either reside and/or operate in foreign jurisdictions, or redistribute products from the same or similar sources in those locations and/or ship their goods from the same or similar sources in those locations to shipping and fulfillment centers within the United States to redistribute their products from those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants target their business activities towards consumers throughout the United States, including within this district through the operation of Internet based e-commerce stores via Internet marketplace websites under the Seller IDs.

17.     Defendants are the past and present controlling forces behind the sale of products under counterfeits and infringements of Plaintiffs' trademarks as described herein using at least the Seller IDs.

18.     Upon information and belief, Defendants directly engage in unfair competition by advertising, offering for sale, and selling goods bearing one or more of Plaintiffs' trademarks to consumers within the United States and this District through Internet based e-commerce stores using, at least, the Seller IDs and additional seller identification aliases and domain names not yet known to Plaintiffs. Defendants have purposefully directed some portion of their illegal activities

5

towards consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of counterfeit and infringing goods into the State.

19.     Defendants have registered, established or purchased, and maintained their Seller IDs.  Upon information and belief, Defendants may have engaged in fraudulent conduct with respect to the registration of the Seller IDs.

20.     Upon information and belief, some Defendants have registered and/or maintained their Seller IDs for the sole purpose of engaging in illegal counterfeiting activities.

21.     Upon information and belief, Defendants will continue to register or acquire new seller identification aliases and domain names for the purpose of selling and offering for sale goods bearing counterfeit and confusingly similar imitations of one or more of Plaintiffs' trademarks unless preliminarily and permanently enjoined.

22.     Defendants use their Internet-based businesses in order to infringe the intellectual property rights of Plaintiffs.

23.     Defendants' business names, *i.e.*, the Seller IDs, associated payment accounts, and any other alias seller identification names used in connection with the sale of counterfeit and infringing goods bearing one or more of Plaintiffs' trademarks are essential components of Defendants' online activities and are one of the means by which Defendants further their counterfeiting and infringement scheme and cause harm to Plaintiffs. Moreover, Defendants are using Plaintiffs' famous trademarks to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of Plaintiffs' legitimate marketplace and intellectual property rights at Plaintiffs' expense.

## GENERAL FACTUAL ALLEGATIONS

*Plaintiffs' Intellectual Property Rights*

24.     Plaintiff LGEKR is the exclusive licensee of the trademark registrations identified on Schedule B attached hereto, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (*i.e.*, the LG Marks).

25.     The LG Marks are used in connection with the design, manufacturing, marketing, and distribution of high-quality goods in at least the categories identified above.

26.     Long before Defendants began their infringing activities complained of herein, the LG Marks had been used by Plaintiffs in interstate commerce to identify and distinguish Plaintiffs' products and merchandise for an extended period.

27.     The LG Marks are well-known and famous and have been for many years. Plaintiffs have expended substantial time, money, and other resources developing, enforced, and otherwise promoting the LG Marks and products bearing the LG Marks. The LG Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

28.     Plaintiffs have extensively used, enforced, and promoted the LG Marks in the United States in association with their merchandise.

29.     As a result of Plaintiffs' efforts, members of the consuming public readily identify products and merchandise bearing or sold under the LG Marks as being high quality goods sponsored and approved by Plaintiffs.

30.     The LG Marks serve as a symbol of Plaintiffs' quality, reputation, and goodwill and have never been abandoned.

*Defendants' Counterfeiting and Infringing Conduct*

31.     Upon information and belief, Defendants are promoting and advertising, distributing, selling, and/or offering for sale counterfeit and infringing goods in interstate

7

commerce using exact copies and confusingly similar copies of the LG Marks through at least the Internet based e-commerce stores operating under the Seller IDs (collectively, the "Counterfeit Goods"). Plaintiffs have used the LG Marks extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of Plaintiffs' merchandise.

32.      Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially and materially different than that of Plaintiffs' genuine goods. Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high quality goods offered for sale by Plaintiff under the LG Marks despite Defendants' knowledge that they are without authority to use the LG Marks. The effect of Defendants' actions will cause confusion of consumers, at the time of initial interest, sale, and in the post-sale setting, who will believe Defendants' Counterfeit Goods are genuine goods originating from, associated with, or approved by Plaintiffs.

33.      Defendants advertise their Counterfeit Goods for sale to the consuming public via e-commerce stores on Internet marketplace websites using at least the Seller IDs. In so advertising these goods, Defendants improperly and unlawfully use the LG Marks without Plaintiffs' permission.

34.      As part of their overall infringement and counterfeiting scheme, Defendants are, upon information and belief, employing and benefitting from substantially similar, advertising and marketing strategies based, in large measure, upon an illegal use of counterfeits and infringements of the LG Marks. Specifically, Defendants are using counterfeits and infringements of Plaintiffs' famous LG Marks in order to make their e-commerce stores and websites selling illegal goods appear more relevant, authentic, and attractive to consumers searching for Plaintiffs' related goods

8

and information online. By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Plaintiffs' genuine goods. Defendants are causing individual, concurrent and indivisible harm to Plaintiffs and the consuming public by (i) depriving Plaintiffs and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Plaintiffs' genuine goods on the World Wide Web, (ii) causing an overall degradation of the goodwill associated with the LG Marks, and/or (iii) increasing Plaintiffs' overall cost to market the LG Marks and educate consumers about their brand via the Internet.

35.     Upon information and belief, Defendants are concurrently targeting their counterfeiting and infringing activities toward consumers and causing harm within this District and elsewhere throughout the United States. As a result, Defendants are defrauding Plaintiff and the consuming public for Defendants' own benefit.

36.     Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Plaintiffs' ownership of the LG Marks, including their exclusive right to use and license such intellectual property and the goodwill associated therewith.

37.     Defendants' use of the LG Marks, including the promotion and advertisement, distribution, sale and offering for sale of their Counterfeit Goods, is without Plaintiffs' consent or authorization.

38.     Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiffs' rights for the purpose of trading on Plaintiffs' goodwill and reputation. If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiffs and the consuming public will continue to be harmed.

39.     Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Plaintiffs' genuine goods and Defendants' Counterfeit Goods, which there is not.

40.     Upon information and belief, Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' trademark counterfeiting and infringing and unfairly competitive activities connected to their Seller IDs and any other alias seller identification names being used and/or controlled by them.

41.     Further, upon information and belief, Defendants are likely to transfer or conceal their assets to avoid payment of any monetary judgment awarded to Plaintiffs.

42.     Plaintiffs have no adequate remedy at law.

43.     Plaintiffs are suffering irreparable injury and have suffered substantial damages as a result of Defendants' unauthorized and wrongful use of the LG Marks.

44.     The harm and damages sustained by Plaintiffs have been directly and proximately caused by Defendants' wrongful use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods.

### COUNT I -- TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

45.     Plaintiffs hereby adopt and re-allege the allegations set forth in paragraphs 1 through 44 as though fully set forth herein.

46.     This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of the LG Marks in commerce

in connection with the promotion, advertisement, distribution, offering for sale, and sale of the Counterfeit Goods.

47. Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods, using counterfeits and/or infringements of the LG Marks. Defendants are continuously infringing and inducing others to infringe the LG Marks by using one or more of them to advertise, promote, offer to sell, and/or sell at least counterfeit and infringing goods.

48. Defendants' concurrent counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

49. Defendants' unlawful actions have individually and jointly caused and are continuing to cause unquantifiable damage to Plaintiffs and are unjustly enriching Defendants with profits at Plaintiffs' expense.

50. Defendants' above-described illegal actions constitute counterfeiting and infringement of the LG Marks in violation of Plaintiff's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

51. Plaintiffs have suffered and will continue to suffer irreparable injury and damages due to Defendants' above described activities if Defendants are not preliminarily and permanently enjoined. Additionally, Defendants will continue to wrongfully profit from their illegal activities.

**COUNT II -- FALSE DESIGNATION OF ORIGIN
PURSUANT TO § 43(A) OF THE LANHAM ACT (15 U.S.C. § 1125(a))**

52. Plaintiffs hereby adopt and re-allege the allegations set forth in paragraphs 1 through 44 as though fully set forth herein.

53.     Upon information and belief, Defendants' Counterfeit Goods bearing, offered for sale, and sold under copies of the LG Marks have been widely advertised and offered for sale throughout the United States via the Internet.

54.     Defendants' Counterfeit Goods bearing, offered for sale, and sold under copies of the LG Marks are virtually identical in appearance to Plaintiffs' genuine goods. However, Defendants' Counterfeit Goods are different in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Counterfeit Goods.

55.     Defendants, upon information and belief, have used in connection with their advertisement, offer for sale, and sale of their Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress, which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Plaintiffs' detriment.

56.     Defendants have authorized infringing uses of the LG Marks in Defendants' advertisement and promotion of their counterfeit and infringing branded goods.  Defendants have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

57.     Additionally, Defendants are using counterfeits and infringements of the LG Marks in order to unfairly compete with Plaintiffs and others for space within search engine organic results, thereby jointly depriving Plaintiffs of a valuable marketing and educational tool which would otherwise be available to Plaintiffs and reducing the visibility of Plaintiffs' genuine goods on the World Wide Web.

58. Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

59. Plaintiffs have no adequate remedy at law and have sustained indivisible injury and damage caused by Defendants' concurrent conduct. Absent an entry of an injunction by this Court, Defendants will continue to wrongfully reap profits and Plaintiffs will continue to suffer irreparable injury to their goodwill and business reputation, as well as monetary damages.

## COUNT III -- COMMON LAW UNFAIR COMPETITION

60. Plaintiffs hereby adopt and re-allege the allegations set forth in paragraphs 1 through 44 as though fully set forth herein.

61. This is an action against Defendants based on their promotion, advertisement, distribution, sale, and/or offering for sale of goods using marks which are virtually identical, both visually and phonetically, to the LG Marks in violation of Florida's common law of unfair competition.

62. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing goods bearing counterfeits and infringements of the LG Marks. Defendants are also using counterfeits and infringements of the LG Marks to unfairly compete with Plaintiff for (i) space in search engine results across an array of search terms and/or (ii) visibility on the World Wide Web.

63. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the LG Marks.

64. Plaintiffs have no adequate remedy at law and are suffering irreparable injury and damages as a result of Defendants' actions.

## COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

65.     Plaintiffs hereby adopt and re-allege the allegations set forth in paragraphs 1 through 44 as though fully set forth herein.

66.     This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods bearing the LG Marks. Plaintiff LGEKR is the exclusive licensee of all common law rights in and to the LG Marks.

67.     Specifically, Defendants, upon information and belief, are promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing infringements of the LG Marks.

68.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the LG Marks.

69.     Plaintiffs have no adequate remedy at law and are suffering damages and irreparable injury as a result of Defendants' actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

A.     Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116, 17 U.S.C. § 502(a), and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing,

14

counterfeiting, or diluting the LG Marks; from using the LG Marks, or any mark or design similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or design that may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiffs; from falsely representing themselves as being connected with Plaintiffs, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with Plaintiffs; from using any counterfeit, copy, or colorable imitation of the LG Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Plaintiffs', or in any way endorsed by Plaintiffs and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Plaintiffs' LG Marks; and from otherwise unfairly competing with Plaintiffs.

B.      Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that, upon Plaintiffs' request, the applicable governing Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by the Court disable and/or cease facilitating access to the Seller IDs, and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing counterfeits and infringements of the LG Marks.

C.    Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that, upon Plaintiffs' request, any Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by the Court, identify any e-mail address known to be associated with Defendants' respective Seller ID.

D.    Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Plaintiffs' request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by the Court permanently remove any and all listings and associated images of goods bearing counterfeits and/or infringements of the LG Marks via the e-commerce stores operating under the Seller IDs, and upon Plaintiffs' request, any other listings and images of goods bearing counterfeits and/or infringements of the LG Marks associated with and/or linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods bearing counterfeits and/or infringements of the LG Marks.

E.    Entry of an order requiring Defendants to account to and pay Plaintiffs for all profits and damages resulting from Defendants' trademark counterfeiting and infringing and unfairly competitive activities and that the award to Plaintiffs be trebled, as provided for under 15 U.S.C. §1117, or, at Plaintiffs' election with respect to Count I, that Plaintiffs be awarded statutory damages from each Defendant in the amount of two hundred thousand US dollars ($200,000.00) per each counterfeit trademark used and product type sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

F.    Entry of an order that, upon Plaintiffs' request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace

16

platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs or other alias seller identification or e-commerce store names, domain names and/or websites used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Plaintiffs in partial satisfaction of the monetary judgment entered herein.

G.      Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Plaintiffs' costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

H.      Entry of an order requiring Defendants to pay prejudgment interest according to law.

I.      Entry of an order for such other and further relief as the Court may deem proper and just.

Date:   June 23, 2026                           Respectfully submitted by,

                                                **Javier Sobrado**
                                                Javier Sobrado (Fla. Bar No. 44992)
                                                Email: jsobrado@brickellip.com
                                                Richard Guerra (Fla. Bar No. 689521)
                                                Email: rguerra@brickellip.com
                                                THE BRICKELL IP GROUP, PLLC
                                                1101 Brickell Avenue, South Tower, Suite 800
                                                Miami FL, 33131
                                                Telephone: (305) 728-8831
                                                *Attorneys for Plaintiff*

**SCHEDULE B**

| TRADEMARK | REG. NO. | CLASS OF GOODS AND SERVICES |
|---|---|---|
| | 4319333 | Class 011: Solar collectors for heating; solar water heaters; water purification installations; apparatus for purifying water; precision filters for water treating; desalination plants; membrane apparatus for purifying water; membrane filters for drinking water; water purifying apparatus and machines using membrane filters; membrane being a type of water filter for water treatment; purification installations for sewage; purification installations for wastewater reclamation and reusing system; wastewater purifying and treatment apparatus, namely, sustainable onsite water recycling and wastewater treatment systems; filters for wastewater; water purifiers for industry; filters for water purification installation; membrane being a type of water filter for use with water purifying apparatus; water purifiers for household purposes; electric water purifiers for household use; water ionizers; non-electric water purifiers for household purposes; water ionization apparatus for household purposes; water purifying apparatus; [ electric foot warmers; street lamps; safety lamps for underground use; germicidal lamps for purifying air; neon lamps; lanterns; vehicle dynamo lamps; fittings for discharge lamps; incandescent lamps; incandescent lamp fittings; ultraviolet ray lamps, not for medical purposes; germicidal lamps; chandeliers; water surface lamps; mercury lamps; aquarium lights; ] spotlights; [ arc lamps; safety lamps; diving lights; ] decoration lamps; [ infrared lamps; electric torches for lighting; fish gathering lamp; ] ceiling lights; [ electric light decorative strings for festive decoration; electric lights for Christmas trees; ] standard lamps; [ searchlights; artificial solar lamp; |

18

| | | |
|---|---|---|
| | | floodlights; ] fluorescent lamps; [ flashlights being torches; lights for motorcycles; ] automobile lights; [ reflectors for automobiles; ] lamps for directional signals of automobiles; electric bulbs for directional signals of automobiles; anti-dazzle devices for automobiles being incandescent lamp-fittings; defrosters for automobiles; air conditioners for automobiles; headlights for automobiles; ventilation installations and apparatus for providing air-conditioning for automobiles; air heaters for automobiles; electric space heating apparatus; [ heating boilers; ] hot water heating system comprised of hot water heaters; hot water space heating apparatus; air cooling apparatus; air conditioners for industrial purposes; air conditioners for household purposes |
| LG | 5343884 | Class 011: [ Sinks; toilet bowls; bath tubs; lavatory bowls; bowl shaped sinks; showers; wash-hand basins being parts of sanitary installations; sink structural parts, namely, upper plates; solar heat collection panels; ] air filtering installations; [ gas scrubbing apparatus; ] air purifying apparatus; [ water purification units for household purposes; industrial-water purifying apparatus; ] water purifying apparatus [ ; light-emitting diode luminaires; electric water purifiers for household purposes; electric steam steriliser not for medical purposes ] |
| LG | 5510716 | Class 011: [ Sinks; toilet bowls; bath tubs; lavatory bowls; bowl shaped sinks; showers; wash-hand basins being parts of sanitary installations; sink structural parts, namely, upper plates; solar heat collection panels; ] air filtering installations; [ gas scrubbing apparatus; ] air purifying apparatus; [ water purification units for household |

19

| | | |
|---|---|---|
| | | purposes; industrial-water purifying apparatus; ] water purifying apparatus [ ; light-emitting diode luminaires; electric water purifiers for household purposes; electric steam steriliser not for medical purposes ] |
| **LG** | 5229909 | Class 011: Gas ranges; gas oven ranges; ovens; solar heating apparatus, namely, solar collectors for heating and solar water heaters; heating installations; air conditioners; air conditioning installations; air conditioning apparatus; fans for air-conditioning; portable air conditioners; cooling fans for household purpose; refrigerating containers; refrigerating display cabinets; range hoods for household purposes; ventilating fans for household use; ventilating installations in the nature of ventilating fans for household use; solar thermal collectors for heating; solar heat collection panels; light emitting diode lights for automobiles; air purifiers for automobiles; heating and cooling systems for motor cars comprised of air conditioners and heaters for vehicles; air conditioners for automobiles; heat exchangers not parts of machines for automobiles; lighting apparatus and devices for automobiles, namely, automotive headlamps; household air cleaners; air sterilizers for household purpose; air cleaning apparatus for household purposes, namely, air purifiers; ionization apparatus for the treatment of air; air driers in the nature of dryers for the removal of water vapor from compressed air and gases; air sterilizing and disinfecting devices namely, air purifiers; air purifiers; filters for air purifiers; water filters for household purposes; water ionizers for household purposes; desalination plants; water sterilizers; water filtering apparatus; water purification |

20

| | | |
|---|---|---|
| | | installations; water purifying apparatus and machines; tap-water purifying apparatus; water purifying apparatus; purification installations for sewage; heat exchangers, not parts of machines; electric lighting fixtures for bathroom; electric lighting fixtures for master bedroom; lighting fixtures for liquid crystal display LCD illumination; light emitting diode luminaires; organic light emitting diodes OLED lighting devices, namely, LED luminaries; pixel local storage PLS lightings, namely, downlights; emitting diodes lamps; incandescent lighting fixtures; electric lighting apparatus, namely, lighting apparatus for vehicles, flat panel lighting apparatus and lighting installations; solar cell lighting apparatus, namely, lighting apparatus for vehicles, flat panel lighting apparatus and lighting installations; electric drying apparatus for household purposes; electric dehumidifiers for household purposes; anion generating humidifiers; electric laundry dryers for household purposes; electric dish drying machines for household purposes; electric clothes drying machines for household purposes; clothes dryers; electric ovens for household purpose; induction ranges; electric ranges; electric oven ranges; microwave ovens; electric temperature controlled wine cellar for household purposes; electric water purifiers for household purposes; electric water purification filters for household purposes; kimchi refrigerators; electric humidifiers; electric refrigerators; electric refrigerating showcases; electric wine coolers; electric sterilizers for household purposes; heating and air conditioning apparatus; adaptive front lighting systems AFS for automobiles comprised of LED modules, power supplies and wiring |

21

| | | |
|---|---|---|
|  | 4340384 | Class 011: solar collectors for heating; solar water heaters; water purification installations; apparatus for purifying water; precision filters for water treatment; water desalination plants; membrane filter apparatus for purifying water; membrane filters for water purification; water purifying apparatus and machines using membrane filters; membrane filters for water treatment; membrane filter apparatus for water treatment; purification installations for sewage; purification installations for wastewater reclamation and reusing system; wastewater purifying and treatment apparatus; filters for wastewater; water purifiers for industry; filters for water purification installation; filter membrane for water purifying apparatus; water purifiers for household purposes; electric water purifiers for household use; water ionizers; non-electric water purifiers for household purposes; water ionization apparatus for household purposes; water purifying apparatus; [ electric foot warmers; street lamps; safety lamps for underground use; germicidal lamps for purifying air; neon lamps; lanterns; dynamo lamps; fittings for discharge lamps; incandescent lamps; incandescent lamp fittings; ultraviolet ray lamps, not for medical purposes; germicidal lamps; chandeliers; water surface lamps; mercury lamps; aquarium lights; ] spotlights; [ arc lamps; safety lamps; diving lights; ] decoration lamps; [ infrared lamps; electric torches for lighting; fish gathering lamp; ] ceiling lights; [ fairy lights for festive decoration; electric lights for Christmas trees; ] standard lamps; [ searchlights; artificial solar lamp; floodlights; ] fluorescent lamps; [ flashlight torches; lights for motorcycles; ] automobile lights; [ reflectors for automobiles; ] lamps for directional signals of |

22

| | | |
|---|---|---|
| | | automobiles; electric bulbs for directional signals of automobiles; anti-dazzle devices for automobiles, namely, lamp fittings; lighting apparatus parts, namely, light emitting diodes; defrosters for automobiles; air conditioners for automobiles; headlights for automobiles; ventilation and air-conditioning installations and apparatus for automobiles; heaters for automobiles; heating apparatus, namely, heating elements; [ heating boilers; ] hot water heating system consisting primarily of hot water heaters, hot water tanks; hot water apparatus, namely, hot water heaters; air cooling apparatus; air conditioners for industrial purposes; air conditioners for household purposes |
| | 5319166 | Class 011: Gas ranges; gas oven ranges; ovens; solar heating apparatus, namely, solar collectors for heating and solar water heaters; heating installations; air conditioners; air conditioning installations; air conditioning apparatus; fans for air-conditioning; portable air conditioners; cooling fans for household purpose; refrigerating containers; refrigerating display cabinets; range hoods for household purposes; ventilating fans for household use; ventilating installations in the nature of ventilating fans for household use; solar thermal collectors for heating; solar heat collection panels; light emitting diode lights for automobiles; air purifiers for automobiles; heating and cooling systems for motor cars comprised of air conditioners and heaters for vehicles; air conditioners for automobiles; heat exchangers not parts of machines for automobiles; lighting apparatus and devices for automobiles, namely, automotive headlamps; household air cleaners; air sterilizers for household purpose; air cleaning apparatus for |

| | | household purposes, namely, air purifiers; ionization apparatus for the treatment of air; air driers in the nature of dryers for the removal of water vapor from compressed air and gases; air sterilizing and disinfecting devices, namely, air purifiers; air purifiers; filters for air purifiers; water filters for household purposes; water ionizers for household purposes; desalination plants; water sterilizers; water filtering apparatus; water purification installations; water purifying apparatus and machines; tap-water purifying apparatus; water purifying apparatus; purification installations for sewage; heat exchangers, not parts of machines; electric lighting fixtures for bathroom; electric lighting fixtures for master bedroom; lighting fixtures for liquid crystal display LCD illumination; light emitting diode luminaires; organic light emitting diodes OLED lighting devices, namely, LED luminaries; pixel local storage PLS lightings, namely, downlights; emitting diodes lamps; incandescent lighting fixtures; electric lighting apparatus, namely, lighting apparatus for vehicles, flat panel lighting apparatus and lighting installations; solar cell lighting apparatus, namely, lighting apparatus for vehicles, flat panel lighting apparatus and lighting installations; electric drying apparatus for household purposes; electric dehumidifiers for household purposes; anion generating humidifiers; electric laundry dryers for household purposes; electric dish drying machines for household purposes; electric clothes drying machines for household purposes; clothes dryers; electric ovens for household purpose; induction ranges; electric ranges; electric oven ranges; microwave ovens; electric temperature controlled wine cellar for household purposes; electric water |

24

| | | |
|---|---|---|
| | | purifiers for household purposes; electric water purification filters for household purposes; kimchi refrigerators; electric humidifiers; electric refrigerators; electric refrigerating showcases; electric wine coolers; electric sterilizers for household purposes; heating and air conditioning apparatus; adaptive front lighting systems AFS for automobiles comprised of LED modules, power supplies and wiring |
| **LG** | 3661175 | Class 011: [ Refrigerators for fermented vegetable food; ] lightwave ovens; [ temperature controlled wine cellars; ] * [ electric wine refrigerators for household purposes; ] * electric cooking ovens; bakers' ovens; kitchen cooking ranges; bakers' ovens for household purpose; [ industrial cooking ovens; ] hot air cooking ovens; gas laundry dryers; gas cooktop; electric HOB, namely, a kind of cooking ranges using heat plates of various size; heaters; electric fan heaters [ ; boilers * for household purposes *; stoves; electric fan; gas fan heater; industrial dehumidifiers; street lamps; safety lamps for underground use; germicidal lamps for purifying air; neon lamps; lanterns; discharge lamps and their fittings; ultraviolet ray lamps, not for medical purposes; germicidal lamps; chandeliers; aquarium lamps; spotlights; safety lamps; diving lights; ornamental lamps; infrared lamps; torches for lighting; fish gathering lamp; ceiling lights; fairy lights for festive decoration; electric lamps for Christmas trees; standard lamps; searchlights; solar lamp; floodlights; fluorescent lamps; pocket searchlights; lights for motorcycle; lights for automobiles; reflectors for automobiles; lamps for directional signals of automobiles; light bulbs for directional signals of automobiles; anti-glare devices for automobiles (lamp |

26

| | | fittings); defrosters for automobiles; headlights for automobiles; ventilators for automobiles ] |
| --- | --- | --- |